UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:19-cv-02196-CJC-MAA** | Date: **January 23, 2020** |
| Title **Mardiros v. City of Hope** | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** ORDER ON FURTHER DISPUTE RELATED TO THE COURT'S JANUARY 16, 2020 DISCOVERY ORDER (ECF NO. 47)

On January 16, 2020, the Court held an informal telephonic discovery conference and issued a discovery order regarding the parties' fourth discovery dispute which relates to the scheduling and taking of depositions. ("Discovery Order," ECF No. 47.) In the Discovery Order, the Court set a deposition schedule that contains deadlines by which certain depositions must be completed. (*Id.* at 1.) In addition, the Discovery Order sets a meet-and-confer, briefing, and hearing schedule to resolve any further discovery dispute that may arise in connection with the taking of those depositions. (*Id.* at 1-2.) Finally, upon request of the parties, the Discovery Order allows the parties to revise by stipulation the ordered deposition and/or dispute resolution schedule to suit the parties' scheduling needs. (*Id.* at 2.)

Commencing on Monday, January 20, 2020, a Court holiday, and continuing through Tuesday, January 21, 2020, the parties, individually but cc'ing each other, sent a series of emails to the Court advising of a dispute regarding the Discovery Order and complaining of the opposing party's behavior. Setting aside for the moment the impropriety of this vehicle as a means to communicate discovery disputes to the Court and request the Court's assistance thereon, the Court notes that the dispute seems to wholly disregard that a Discovery Order governing these depositions already is in place and that, to the extent such discovery results in a further dispute, the Discovery Order provides the procedure by which the parties may seek relief. The parties' emails to the Court are not included in that procedure. Nor are they permitted by Local Rule 83-2.5, which provides that "[a]ll matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:19-cv-02196-CJC-MAA**                               Date:  **January 23, 2020**

Title     **Mardiros v. City of Hope**

    The Court orders Plaintiff's counsel, **Guy Ruttenberg**, and Defendant's counsel, **Dave McGowan**, to show cause **in person** on **January 27, 2020, at 11:00 a.m.** in Courtroom 690 of the Edward R. Roybal Federal Building and U.S. Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, why the Court should not sanction each of them, individually and personally, pursuant to Federal Rules of Civil Procedure 37 and 87 and Local Rules 37 and 83-7, for disregarding the Court's Discovery Order and wasting the Court's valuable resources in connection with a dispute that is governed by Court order and involves nothing more than the simple act of cooperatively setting and taking depositions ("OSC").

    If the parties reach an agreement resolving this dispute and file a stipulation with a proposed order thereon before the January 27, 2020 OSC, the OSC will be discharged.

    IT IS SO ORDERED.

|  | |
|---|---|
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |