UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:19-cv-02196-MCS-MAA | Date January 22, 2021 |
| Title *Mardiros v. City of Hope* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND RELATED APPLICATIONS (ECF NOS. 200, 202, 211)

Before the Court is Defendant City of Hope's motion for summary judgment. (Mot., ECF No. 202-1.) The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court takes off calendar the hearing on the motion set for February 22, 2021.

The motion is denied without prejudice for failure to demonstrate compliance with Local Rule 7-3. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful

manner" (internal quotation marks omitted)). As the Court advises in its standing order, "[c]ounsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c), ECF No. 153.)

Here, Defendant does not present a statement of compliance with the prefiling conference requirement, as required by the Local Rule. Although the record shows that the parties long have contemplated filing motions for summary judgment, the motion itself is devoid of any information showing that counsel discussed the issues in the motion thoroughly such that the briefing will be "directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c).) Plaintiff's counsel states that no prefiling conference took place. (Madanat Decl. ¶¶ 3–5, ECF No. 211-1.) This is apparent, for example, from Defendant's argument concerning Plaintiff's declaration of ownership claim, which Defendant notes is incompatible with Plaintiff's election to affirm the contract. (Mot. 14–15.) This issue is one of many that the parties could narrow or eliminate in an adequate prefiling conference of counsel. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

The Court has discretion to deny a motion for failure to comply with the prefiling conference requirement. *United States v. Kan-Di-Ki LLC*, No. CV 10-965-JST (RZx), 2013 U.S. Dist. LEXIS 198258, at *1–2 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)); *e.g.*, *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 U.S. Dist. LEXIS 5196, at *3–5 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment for failure to comply with Local Rule 7-3). The motion is denied without prejudice to renewal after an adequate prefiling conference of counsel. Defendant's application to file documents related to the motion under seal (ECF No. 200) and Plaintiff's application to continue the hearing and briefing schedule on the motion (ECF No. 211) are denied as moot.

**IT IS SO ORDERED.**